HERMAN A. YUDIN, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, November 28, 1927.

**Insurance — life insurance — action to recover cash surrender value of policies issued in Russia by defendant — defenses that decree of Russian government prohibited transfer of Russian rubles without consent and that performance has been prevented by superior force, are insufficient.**

The plaintiff, as assignee, brought this action to recover the cash surrender value of life insurance policies issued prior to 1917 by the defendant in Russia. A defense which pleads that a decree of the Russian government of 1917, prohibiting the transfer from Russia of rubles, without consent of public authorities, and that such consent has not been obtained, and another defense based upon the law of Imperial Russia, which excuses performance of a contract where such performance is prevented by superior force, are not sufficient in law.

The contracts were not by their terms to be performed in Russia, and an action may be maintained against the defendant in this State to recover the cash surrender value, for the policies did not restrict the place of performance, but provided in general terms for the payment of the cash surrender value.

MOTION by plaintiff to strike out defenses as insufficient in law.

*Henry Waldman*, for the plaintiff.

*Sullivan & Cromwell* [*Philip L. Miller* of counsel], for the defendant.

McGOLDRICK, J. Prior to 1917 the defendant issued two policies of life insurance to Jakoo Yudin at its branch office in St. Petersburg (now Leningrad), Russia. This action is brought by the plaintiff, as assignee of Yudin, to recover the cash surrender value of the policies in the sums fixed by the contracts for the year 1918. The defendant by answer interposed eight separate and complete defenses which by motion now made the plaintiff seeks to strike out on the ground that they are insufficient in law. It has been stipulated by counsel that the motion, in so far as it relates to the eighth defense, is withdrawn, and that defenses numbered one, two, three, four and seven are abandoned. This leaves only the fifth and sixth defenses to be considered. The fifth defense pleads a decree of the Russian government, of 1917 historically known as the Kerensky Government, prohibiting the direct or indirect export or transfer from Russia of rubles or other moneys without the consent of the public authorities. It is further definitely alleged in this defense that the defendant has never obtained the consent of any public authority in Russia to export or transfer rubles or other moneys or credits and that the insured

has at no time made demand for any payments to him in Russia in respect of the policies. The sixth defense is based upon the law of Imperial Russia which, it is alleged, excuses performance of a contract where such performance is prevented by superior force, and it is alleged that in the instant case the revolutions which enabled the revolutionists to take possession of the defendant's business in Russia thus prevented by superior force the performance by the defendant of its obligations under the policies in suit. On the argument before me counsel for the defendant conceded that the provisions of the policies issued to Yudin are the same as those which obtained in the policy involved in *Sliosberg* v. *New York Life Insurance Co.* (244 N. Y. 482). He added to his concession the statement that he expected to prove upon the trial of this action that, contrary to their express provisions, the policies were as a matter of fact never sent to New York for approval before issuance to the insured in Russia. From the foregoing it is clear that it is the contention of the defendant that its contracts with Yudin are and always were Russian contracts, performable by their terms in Russia, by the payment of Russian money, and are not cognizable in the courts of this State in actions brought upon them for the recovery of money of the United States. It seems to me, however, that the language of Judge KELLOGG in *Sliosberg* v. *New York Life Insurance Co.* (*supra*) renders this contention untenable: " (3) Again, it is not the fact that the contract of insurance was by its terms performable in Russia. The death benefits, provided for by the contract, were payable in St. Petersburg. This plaintiff, however, is not suing to recover death benefits. He has survived the period during which his life was insured. His suit is to recover the surrender value of his policy, under that provision of the contract whereby the defendant, without restriction as to place of performance, in general terms agreed ' to pay to the insured or his order the insured amount, *i. e.,* twenty thousand rubles, if the insured is living at 12 o'clock noon on the 24th day of October, 1921.' The Pravila provided that the obligation of the contract was guaranteed not only by the funds deposited in Russia but ' also by all other property belonging to the company.' Self-evidently, the general promise and the guaranty contained in the words quoted required, for their complete enforcement, the compelling power of the laws of other jurisdictions. The appropriate jurisdiction for their enforcement was the State of New York, where the defendant was domiciled. (*Blackstone* v. *Miller*, 188 U. S. 189, 205.) "

It has been urged before me that the opinion of Judge KELLOGG to the extent which I have quoted is *obiter dictum*. I am not willing

Supreme Court, January, 1928.                    [Vol. 131

to concede that this is true, but, even if it were, I nevertheless find it so logically persuasive that I am quite willing to give to it the force of authority. The motion is granted with leave to serve an amended answer within twenty days. Settle order.