In re Estate of Archibald C. Smith.

People's Bank of Buffalo et al., Executors, Appellants, v.
State of Iowa et al., Appellees.

No. 39388.

January 21, 1930.

*Carr, Cox, Evans & Riley*, for appellants.

*John Fletcher*, Attorney-general, and *Carl J. Stephens*,
Assistant Attorney-general, for appellees.

Stevens, J.—Appellants are the executors, appointed in
the state of New York, of the estate of Archibald C. Smith, a
citizen and resident of that state, who died testate therein on
October 10, 1923. At the time of his death, he was the owner
of, and had in his possession in New York, certain notes ex-
ecuted to him by the residents of Iowa, and secured by mort-
gages upon real estate in Iowa. The treasurer of this state de-
manded, and was paid by appellants, a succession tax, amount-
ing to $35,337.72. This action in equity was brought by ap-
pellants to recover the succession tax so paid, upon the ground
that it was paid by mistake. The court below found that the
sum paid was excessive, and directed the treasurer to refund
a portion thereof. The executors have appealed from so much
of the finding and order of the court as was adverse to them.

The argument of counsel for appellants proceeds on the

theory that the prior holdings of this court announced in *Hoyt v. Keegan,* 183 Iowa 592, and *Chaffin v. Johnson,* 200 Iowa 89, have been superseded by recent decisions of the Supreme Court of the United States, and that *Blackstone v. Miller,* 188 U. S. 189 (47 L. Ed. 439), upon which the Iowa cases are based, was overruled by *Frick v. Pennsylvania,* 268 U. S. 473 (69 L. Ed. 1058), and *Safe Dep. & Tr. Co. v. Virginia,* 280 U. S. 83 (74 L. Ed. 180), and other cases decided by the United States Supreme Court.

We, need not discuss the effect of the holding of the court in the later cases above referred to upon *Blackstone v. Miller,* supra, and our own cases, as the Supreme Court of the United States, on January 6, 1930, handed down an opinion in *Farmers Loan & Tr. Co. v. Minnesota,* 280 U. S. 204 (74 L. Ed. 371), which specifically overrules *Blackstone v. Miller.* The effect of the rule announced in the *Minnesota* case is to deny the right of more than one state to claim a succession tax on the transfer of intangibles. The pertinent language of the court in *Blackstone v. Miller* is quoted in full in *Chaffin v. Johnson,* supra, and need not be here repeated. The holding of this court in the cited cases was fully warranted by the language quoted. The right of New York to exact a succession tax on the transfer of the property in question in the pending case has always been conceded by the attorney-general. The following excerpt from the opinion of the Supreme Court in the *Minnesota* case is clear and explicit, and makes a reversal of the judgment appealed from imperative:

. "*Blackstone v. Miller,* supra, and certain approving opinions, lend support to the doctrine that ordinarily choses in action are subject to taxation both at the debtor's domicile and at the domicile of the creditor; that two states may tax on different and more or less inconsistent principles the same testamentary transfer of such property, without conflict with the Fourteenth Amendment. The inevitable tendency of that view is to disturb good relations among the states, and produce the kind of discontent expected to subside after establishment of the Union. *The Federalist, No. VII.* The practical effect of it has been bad; perhaps two thirds of the states have endeavored to avoid the evil by resort to reciprocal exemption laws. It has been stoutly assailed on principle. Having re-

considered the supporting arguments in the light of our more recent opinions, we are compelled to declare it untenable. *Blackstone v. Miller* no longer can be regarded as a correct exposition of existing law; and to prevent misunderstanding, it is definitely overruled.''

The decision of the Supreme Court of Minnesota which was reversed (*In re Estate of Taylor*) is reported in 175 Minn. 310 (221 N. W. 64).

Further discussion or elaboration is unnecessary. This court is bound to follow the rule established by the United States Supreme Court on the point involved. Our duty in the premises is clear.

The order and judgment of the court in so far as same is adverse to appellants must be reversed. It is so ordered. The cause will be remanded for order and judgment in harmony with this opinion.—*Reversed and remanded.*

All the justices concur.