In the Matter of the Application of the BANKERS TRUST COMPANY and Another, as Executors and Trustees, etc., of EPHRAIM L. CORNING, Deceased, Appellants, for a Mandamus Order against MARK GRAVES, as President of the State Tax Commission, and Others, Constituting the State Tax Commission of the State of New York, Respondents.*

Third Department, June 27, 1935.

*Fraser, Speir, Meyer & Kidder* [*H. Maynard Kidder, Gove B. Harrington* and *Schuyler M. Meyer* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Seth T. Cole, Special Assistant Attorney-General,* of counsel, *Mortimer M. Kassell* with him on the brief], for the respondents.

PER CURIAM.   Appeal from an order denying peremptory mandamus to require the State Tax Commission to refund a contingent transfer tax.   The testator, a resident of Connecticut, died in that State in 1924.   His estate was taxed in this State on account of stocks in New York corporations.   In November, 1924, under a temporary order of a New York county surrogate, $31,405.65 was assessed upon the transfer of the remainder interests under the trusts created in the will.   The tax was paid on or about December 1, 1924.   It was assessed at the highest rate possible under any contingency that might affect the vesting of the remainder.   (Tax Law, § 230.)   *First National Bank* v. *Maine* (284 U. S. 312) overruled the doctrine of *Matter of Bronson* (150 N. Y. 1) and *Blackstone* v. *Miller* (188 U. S. 189).   No longer is a non-resident decedent's estate taxable in this State for stocks of New York corporations. On January 3, 1934, an order was made by the New York county surrogate modifying the November, 1924, order by exempting the transfer to the remaindermen.   While the order of November, 1924, was designated a temporary order, it was final, except under the contingencies enumerated in sections 225 and 230 of the Tax Law.   " Neither error nor invalidity, whether constitutional or otherwise, entering into such determination would have changed the rule of finality."   (*People ex rel. International Salt Co.* v. *Graves,* 267 N. Y. 149, 154.)

The order should be affirmed, with costs.

HILL, P. J., RHODES, MCNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, with costs.