EDWARD M. ALLEN, in his own right and as Trustee of SALLIE E. ALLEN, and SALLIE E. ALLEN, his wife, *vs.* THE COUNTY COMMISSIONERS OF HARFORD COUNTY, and others.

*Taxation— Valuation of Land encumbered by Mortgage or other Liens.*

Real estate may be assessed and taxed at its real value, without regard to mortgage liens, or other incumbrances thereon, notwithstanding the provision in Article fifteen of the Bill of Rights, that "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the government, according to his actual worth in real or personal property."

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*Edward M. Allen,* (with whom was *Frederick R. Williams* on the brief,) for the appellants.

*George L. Van Bibber,* and *William Young,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

The appellant Edward M. Allen, as trustee of his wife, is the owner of a farm in Harford County, which is assessed for taxation on the assessment books of that county

at eight thousand three hundred and twenty dollars. This farm is encumbered with mortgage liens amounting to sixteen thousand two hundred and fifty dollars. At the proper time the appellant applied to the County Commissioners to have the whole of said assessment abated, because of said mortgage liens, but his application was refused. In default of the payment of the State and county taxes for 1887 and 1889, said farm or a portion of it was about to be sold to enforce the payment of said taxes, whereupon the appellant applied to the Circuit Court for an injunction. His application was refused and hence this appeal. The only question raised here or intended to be raised, is whether real estate which is mortgaged should be assessed and taxed at its actual assessed value without regard to the mortgage liens, or whether the amount of such liens should be first deducted from the assessed value in order to ascertain the taxable value. The appellant contends he is entitled to the deduction mentioned, and he bases his contention upon the fifteenth Article of the Bill of Rights of the Constitution of Maryland, which provides, among other things, that "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government, according to his actual worth in real or personal property." If this were a new question, its importance would demand a full consideration and discussion; but it has been definitely settled by our predecessors in the cases known as "The Tax Cases under the Act of 1841" reported in 12 *G. & J.*, 117, in which, without delivering an opinion, the rulings of the lower Court, refusing the deductions and abatements now claimed, were affirmed. One of these appeals was that of the late George M. Gill. It appeared from the record in his case that he had been assessed upon mortgages "to the amount of seven thousand dollars, from which he claimed to be exempt from taxation, because he owed a larger sum on

mortgage, and that under the Bill of Rights he could only be taxed upon his actual worth, while in fact he was taxed upon all his real and personal property, including mortgages to him, without deduction for the sum due by him on mortgage." And in his brief filed in this Court (12 *G. & J.*, 146,) he elaborated this position, claiming that such practice was illegal under the 13th Article of the Bill of Rights of the Constitution of 1776, then in force, which, so far as concerns the question before us, is exactly the same as the 15th Article of the Bill of Rights of our present Constitution, on which the appellant here relies. Mr. Gill further contended that *actual worth* can only be ascertained by deducting what a citizen owes from what he possesses.

In reply to these views the late I. Nevett Steele, who was then Deputy Attorney General, argued that "the State looks to the ownership of each species of property; that money due on mortgage is taxed in the hands of the creditor, that the law does not tax the citizen, but the specific property of which he is owner, without reference to his liabilities. Under the Act of 1841 mortgages were taxed, but under our present revenue system they are exempt. We have, however, in recent cases clearly recognized the power of the Legislature, notwithstanding the 15th Art. of the Bill of Rights, to tax the full value of both the investments of mortgagees in mortgages, and the property mortgaged to secure such investments. *Appeal Tax Court of Baltimore City vs. Rice*, 50 *Md.*, 319; *Mayor, &c. of Baltimore vs. Canton Co. of Baltimore*, 63 *Md.*, 237. The expediency of such taxation it is for the Legislature alone to determine.

We deem it unnecessary further to discuss a question which has been settled in this State ever since the decision of the *Tax Cases* in 12 *G. & J.*, 146, in 1841.

The order of the Circuit Court will be affirmed.

*Order affirmed.*