Susan B. Adams, administratrix, *vs.* William H.
Batchelder, administrator.

Norfolk.   November 11, 1898. — May 17, 1899.

Present: Field, C. J., Holmes, Morton, & Lathrop, JJ.

*Judgment — Discharge in Insolvency — Conflict of Laws.*

A judgment against a resident of this Commonwealth, recovered in another State
by a resident thereof upon a debt contracted there, is not barred by the dis-
charge in insolvency in this Commonwealth of the judgment debtor, granted
after an ancillary administrator of the estate of the deceased judgment creditor,
who is also a resident of such other State, has been appointed here.

Contract, upon a judgment recovered in New Hampshire,
October 30, 1874.   Trial in the Superior Court, without a jury,
before *Gaskill,* J., who found for the defendant; and the plain-
tiff alleged exceptions. · The material facts appear in the opinion.
   *A. M. Lyman,* (*C. C. Barton, Jr.,* with him,) for the plaintiff.
   *G. R. Swasey,* for the defendant.
   Holmes, J.   This is an action of contract brought upon a
New Hampshire judgment obtained by a man domiciled in New
Hampshire, upon a debt contracted in New Hampshire, against
a resident of Massachusetts.   The judgment creditor died, and
the present plaintiff, also a resident of New Hampshire, was ap-
pointed his administratrix there.   On April 18, 1881, the plain-
tiff was appointed ancillary administratrix in Massachusetts.   On
January 21, 1891, the defendant received a discharge in insol-
vency in Massachusetts.   At the trial there was evidence that
the debt never had been paid, but the judge ruled that the dis-
charge was a bar to the action.   The case is here upon an ex-
ception to that ruling.
   The ruling raises the question whether the debt is to be
regarded as due to a person resident in Massachusetts, within
the meaning of Pub. Sts. c. 157, § 81.   The defendant's position
is that, as the debt could not be collected except by taking out
ancillary administration here, it must be taken to be due to the
plaintiff in her capacity of ancillary administratrix, and not as
a natural person; and that, as that office has its birth and life

in Massachusetts, the plaintiff in that capacity has her residence here, just as a corporation has its domicil in the State which created it. *Bergner & Engel Brewing Co.* v. *Dreyfus*, 172 Mass. 154. But this argument is working a fiction too hard. An executor or administrator is not a corporation sole. He gets his title or his 'succession to the rights of the deceased by his appointment, it is true. Nowadays he holds those rights in a fiduciary capacity, and he must account for what he receives. But there is no absolute separation of his artificial from his natural personality, as is shown by the fact that a suit against an executor may end in a judgment *de bonis propriis*, either at common law or under Pub. Sts. c. 166, § 10, and very frequently may lead to a personal judgment for costs, as also that in general his contracts as such bind him only personally, even when he is entitled to indemnity from the estate. *Durkin* v. *Langley*, 167 Mass. 577. A judgment recovered by an administrator is payable to him personally, and may be sued on by him in another State. *Talmage* v. *Chapel*, 16 Mass. 71. And it has been held that, when a chattel is taken from an administrator wrongfully, he may sue for it in another State into which it has been carried. *Crawford* v. *Graves*, 15 La. An. 243. Story, Confl. of Laws, § 515. Dicey, Confl. of Laws, 459, 460. See *Commonwealth* v. *Griffith*, 2 Pick. 11, 18. What is true of an executor is even more plainly true of an ancillary administrator. And as one person can have but one domicil, unless the law for this purpose treats the woman and the ancillary administratrix as two persons, the plaintiff is a resident of New Hampshire, since no one would contend that her residence was changed for all purposes by her merely accepting an appointment here.

In the present case there is also another consideration. The debt was not suspended until the appointment of the ancillary administratrix. It was the property of the principal administratrix so far that a payment to her would have been a bar to the present action; *Wilkins* v. *Ellett*, 9 Wall. 740; *S. C.* 108 U. S. 256; see Story, Confl. of Laws. § 515, n.; Dicey, Confl. of Laws, 461; or that the debt could have been sued for and collected there before the ancillary letters were issued, and that, if collected in Massachusetts, it would be transmitted to New Hampshire and accounted for there, unless there happened to be

local claims against the estate. We presume that the right to sue the debtor in New Hampshire, if service could be got there, was not affected by the ancillary appointment. As is said in *Wilkins* v. *Ellett*, 108 U. S. 256, 258, the objection to the principal administratrix's bringing an action here "does not rest upon any defect of the administrator's title in the property, but upon his personal incapacity to sue as administrator beyond the jurisdiction which appointed him." See *Hutchins* v. *State Bank*, 12 Met. 421, 425; *Anthony* v. *Anthony*, 161 Mass. 343, 351, 352; Swift, C. J., in *Slocum* v. *Sanford*, 2 Conn. 533, 535.

Perhaps this branch of the argument so far is not unanswerable. But there is the further fact that the debt already had been reduced to judgment. Whatever may be the law as to simple contract debts, it was laid down three centuries ago, and still is repeated, that judgments are *bona notabilia* where the judgment was given. As applied to this case, at least, we may accept the statement. *Sir John Needham's case*, in note to *Daniel* v. *Luker*, Dyer, 305. *Kegg* v. *Horton*, 1 Lutw. 399, 401. *Gold* v. *Strode*, 3 Mod. 324. *Adams* v. *Savage*, Ld. Raym. 854. *Attorney General* v. *Bouwens*, 4 M. & W. 171, 191. *Holcomb* v. *Phelps*, 16 Conn. 127, 135; 1 Wms. Saund. 274 *a*, n. 3. Taking all the elements into account, it seems to us that in this case, if ever, "the [administratrix] here is only the deputy or agent of the [administratrix] abroad." *Dawes* v. *Head*, 3 Pick. 128, 141, 142. See also *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 248.

Whichever of the foregoing lines of thought we pursue, we are led to the conclusion that the debt is not barred. If we treat the debt as due to the ancillary administratrix, we cannot so far distinguish between her natural and her artificial person, in the present state of the law, as to say that she resides in Massachusetts as administratrix when as a woman she resides in New Hampshire. If we are to consider the question of title more nicely, the debt belongs to the principal administratrix, although she may not receive it except subject to local debts of the estate.

*Exceptions sustained.*