EDWARD M. ALLEN, Treasurer of Harford County *vs.* THE NATIONAL STATE BANK OF CAMDEN, NEW JERSEY.

*Taxation of Mortgages Held by Non-Residents.*

Mortgages of land in this State, owned and held by citizens of other States, may rightfully be taxed in the counties of this State, where the land is situated.

The Act of 1896. ch. 120 (Supplement to Code, Art. 81, sec. 146A), provides that all mortgagees, or assignees holding mortgages of record in this State, shall annually pay a tax of eight *per centum* upon the gross amount of interest covenanted to be paid. *Held*,

1st. That the Legislature had the power to impose this tax upon mortgages of land in this State held by non-resident individuals or corporations.

2nd. That the comprehensive language of the Act includes non-resident as well as resident mortgagees.

Appeal from a judgment of the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Stevenson A. Williams* (with whom were *Isidor Rayner* and *F. R. Williams* on the brief), for the appellant.

*George L. Van Bibber* for the appellee.

FOWLER, J., delivered the opinion of the Court:

Mrs. Hinchman and her husband executed a mortgage for the sum of $11,500, dated the 6th March, 1899, and therein covenanted to pay to the mortgagee, the National State Bank of Camden, New Jersey, a non-resident corporation or its assigns, interest upon the mortgage debt at the rate of six *per centum per annum*. The mortgagors are also non-residents, but the lands mortgaged are located in Harford County in this State. The mortgagee was duly assessed upon the assessment books of Harford County for the year 1899, upon the gross amount of the mortgage interest, and a tax of eight *per centum* was duly levied upon such assessment for State and county taxes for said year, and placed in the hands of Edward M. Allen, who is authorized by law to collect and receive all State and county taxes duly levied and legally collectible. The mortgagee has refused to pay the tax so levied amounting to the sum of $55.20, and this suit was brought to recover it. The mortgagee, the defendants below, pleaded the general issue, and that it is a corporation formed under the laws of the United States for the purpose of transacting a general banking business at Camden, in the State of New Jersey, and that its domicil is in said city. The case was tried before the Court without a jury, and the learned Judge below granted the defendant's prayer asking him "to rule as a matter of law that it being admitted by the pleadings that the defendant is a non-resident of the State of Maryland, it is therefore not liable in this action for taxes upon the income of the mortgage held by it upon real estate in Harford County, Maryland, and the plaintiff is not entitled to recover.

The clerk was directed by the Court to enter judgment for the defendant, but no judgment appears by the record to have been actually entered. However, an agreement by counsel has been filed intended to perfect the record so as to present the case as fully as though the facts therein agreed to and the ruling of the Court were embodied in a formal bill of exceptions duly signed. We will, therefore, proceed to dispose of the questions sought to be presented by this appeal without regard to the defects in the record.

The questions to be considered are, first, whether section 146A of the Act of 1896, ch. 120 (Poe's Supplement, Art. 81, section 146A, p. 551), so far as it taxes the interest covenanted to be paid in mortgages on lands in Maryland held or owned by non-resident mortgagees, citizens of other States, is a valid and constitutional exercise of the taxing power of the Legislature; and, second, if the Legislature has such power did it intend to exercise it by the passage of the Act above mentioned? No question is made as to the amount of the tax levied in this case, but the question is whether any such tax can be levied.

The provisions of sec. 146A is as follows : "All mortgagees or assignees holding mortgages of record in this State shall annually pay a tax of eight *per centum* upon the gross amount of interest covenanted to be paid each year to said mortgagee or his assigns by the mortgagor to be collected by the proper authorities as other taxes for county and State purposes in the several counties  * . *   *   *   *   and the tax hereby levied shall each year be paid in the county   *   *   * where the greater portion of the property covered by the mortgage is located."

In the first place this Court has already held that the Act in question is valid in respect to mortgagees residing in this State, the land mortgaged being also located here. In the case of *Faust* v. *The Building Assn.*, 84 Md. 186, we held that "the power of the Legislature to tax mortgage debts has been frequently exercised, and it has been recognized by the decisions of this Court. If any doubts "continues the Court" have

heretofore existed, they are set at rest by section 51, Art. 3, of the Constitution, as amended by the Act of 1890, ch. 426. The amendment is in these words "but the General Assembly may by law provide for the taxation of mortgages upon property in this State and the debts secured thereby in the county or city where such property is situated." The method of carrying out this constitutional provision was also approved in the same case. "The tax levied" "said BRYAN, J., delivering the opinion of the Court" "cannot be considered as excessive or unjust. Eight *per centum* on the interest, even if it should be six *per centum* would be forty-eight cents on the one hundred dollars of principal　*　*　*　The adjustment shows on its face a studious effort to discharge a public duty in a spirit of justice and moderation. The assessment and levy were made in the legitimate exercise of the powers of the Legislature in relation to subjects confided to its discretion, and *it is our duty to declare them valid.*" It is true that the tax is levied upon the interest and not directly upon the mortgage debt, but this method which we approved in *Faust's case, supra,* is only another method of taxing the latter, and the rate of taxation is determined by a percentage of the interest.

I. Having, therefore, determined that the Act in question is valid so far as it applies to resident mortgagees holding mortgages on land in Maryland, is it valid as to non-resident mortgagees owning mortgages of the same character?

Upon general principles it would seems that there ought to be no difficulty in answering this question in the affirmative. It is one of the axioms of the law of taxation that the State has the right to tax all persons and all property of every kind within its jurisdiction. *McCulloch* v. *Maryland,* 4 Wheat. 316. But it is contended that the interest of the mortgagee is in the nature of a *chose in action,* and that according to the well-settled rule, here and elsewhere, such property must be assessed and taxed to the owner where he has his domicil. The case of the *Appeal Tax Court* v. *Patterson,* 50 Md. 366, is cited to sustain this proposition. It is there said, that property of a non-resident cannot be taxed unless it has an actual *situs*

within this State, *so as to be under the protection of its laws.*
But what was actually decided in that case was that a resident
of Maryland owning stocks, bonds and other certificates of
public debt issued by other sovereign States, or by munici-
palities created by them which are exempted by the States
issuing them *may be taxed by this State.* Conceding, for the
present, that the interest of the mortgagee is in the nature of
a *chose in action*, the general rule that its *situs* for taxation is
the residence of the owner, is a mere fiction of law, and
" yields whenever it is necessary for the purpose of justice
that the actual *situs* of the thing should be examined, and
whenever the *legislative intent is manifested that this legal* fiction
should not operate." *Green* v. *Van Buskirk*, 7 Wall. 139;
*Bristol* v. *Washington Co.*, 177 U. S. 141; *Hervey* v. *Rhode
Island Works*, 93 U. S. 664; *St. Louis* v. *Ferry Co.*, 11 Wall.
428. In *Patterson's case, supra*, it is said : " The general
rule *mobilia sequuntur personam* relied on by appellant is far
from being of universal application, and has been qualified by
numerous exceptions in cases of taxation." The Act we are
considering expressly provides that the interest of the mort-
gagee shall be taxed not where he resides but in the county
or city where the mortgaged land is located. So that the case
of *Latrobe* v. *Baltimore City*, 19 Md. 13, and that of *Balti-
more City* v. *Stirling, &c.*, 29 Md. 49, cited to maintain the
proposition that a mortgage debt is taxable at the residence of
the creditor are not applicable here. And so there are many
instances that can be cited where the express provisions of
tax laws take the place of this fiction. Thus in this and many
other States shares of the capital stock of corporations which
are *choses in action* and which are owned by non-residents are
taxed by express provision of statutes where the corporation
is located and not where the owner resides.

In the case of *Savings Society* v. *Multnomah Co.*, 169 U. S.
421, this very question appears to have disposed of. GRAY, JUS-
TICE, in delivering the opinion of the Court said : " By the
law of Oregon as of some other States of the Union, a mort-
gage of real property does not convey the legal title to the

mortgagee, but creates a lien or incumbrance as security for the debt; and the right of possession as well as the legal title remains in the mortgagor both before and after condition broken, until foreclosure. Notwithstanding this, it has been held both by the Supreme Court of Oregon and by the Circuit Court of the United States for the District of Oregon that that State has the power to tax mortgages of land there, though owned and held by citizens and residents of other States." The conclusion reached by the Supreme Court of the United States in the case just cited is that "Although the right which the mortgage transfers in the land covered thereby is not the legal title, but only an equitable interest and by way of security for the debt, it appears to us to be clear upon principle, and in accordance with the weight of authority, that this interest, like any other interest legal or equitable may be taxed to its owner (whether resident or non-resident) in the State where the land is located, without contravening any provision of the Constitution of the United States." In meeting the objection here relied on it is said in *Mumford* v. *Sewall*, 11 Oregon, 67, one of the cases cited by JUSTICE GRAY in *Savings Society* v. *Multnomah Co., supra:* " Concede that the debt accompanies the respondents person and is without the jurisdiction of the State. But the security she holds is Oregon security. It cannot be enforced in any other jurisdiction. It is local in Oregon as absolutely as the land it binds. Since the power of the State over the mortgage is as exclusive and complete as over the land mortgaged, the mortgage is subject to taxation by the State, unless there is constitutional limitation to the contrary."

It is suggested by the defendant that the decision by the Supreme Court of the United States based upon the Oregon statute has no analogy to the question before us, first, because that statute in express terms "forbids any taxation of the promissory note or other evidence of debt secured by the mortgage; and with equal distinctness provides for the taxation, as real estate, of the mortgage interest in the land;" second, because that statute authorizes the amount of the

mortgage debt to be deducted from any assessment upon the mortgagor.   Nor does our statute, the validity of which is here challenged, tax the evidences of debt secured by the mortgage for in this case there are none.   The *thing* taxed is the *interest* which, as we have said, is as much a part of the mortgage as the mortgage debt itself.   Nor do we think that the fact that our statute does not in express terms tax the mortgage interest in the real estate, as land affect its validity; for personal property, as the Supreme Court of the United States "has declared again and again may be taxed, at the place where the property is situated, even if the owner is neither a citizen nor a resident."   *Savings Society* v. *Multnomah Company*, *supra*.   The *situs* of the mortgage interest for the purpose of taxation is fixed by our Act in Harford County where the land is located.   Again, the fact that our statute makes no provision for deducting the mortgage debt from any assessment upon the mortgagor, is rather an objection to its justice and fairness than to its validity.   Statutes taxing the land of the mortgagor and the mortgage debt to the mortgagee have been frequently declared valid in Maryland and other States.   *Appeal Tax Court of Baltimore City* v. *Rice*, 50 Md. 319; *Baltimore City* v. *Canton*, 63 Md. 237; *The Tax Cases*, 12 G. & J. 117; *Allen* v. *County Commissioners Harford County*, 74 Md. 294; *Augusta Bank* v. *Augusta*, 36 Maine, 259; *Alabama Ins. Co.* v. *Lott*, 54 Ala. 499; *Goldgart* v. *People*, 106 Ill. 25.   The case of *Bristol* v. *Washington County*, 177 U. S. 139, also fully sustains and affirms *Savings Society* v. *Multnomah Company*, *supra*.   The attempt to distinguish *Bristol* v. *Washington*, from the case at bar, is not successful, for in our opinion the provisions of our Act fix the *situs* of the mortgage interest here taxed as clearly and fully as did the act of the parties there by placing the mortgage notes in the hands of an agent for collection and reloaning.   In delivering the opinion of the Court, FULLER, C. J., said that the withdrawal of the notes from the hands of the agent and the revocation of his power of attorney did not change the *situs* of the mortgage interest for taxation.   "Persons are not permitted," he said,

"to avail themselves for their own benefit of the laws of a State in the conduct of business within its limits, and then to escape their due contribution to the public needs through action of this sort, whether taken for convenience or by design."

II. We have thus far assumed that the interest of a mortgagee is a *chose in action* or something less than an interest in land. In this State, however, it has long been held that a mortgagee takes something more than a mere lien. Thus in *Cahoon* v. *Miers*, 67 Md. 576, JUDGE MILLER referring to the opinion of our predecessors in the case of *Evans & Iglehart* v. *Merriken*, 8 G. & J. 39, said "that a mortgage does something more than merely create a lien for the debt; that upon its execution the legal estate becomes immediately vested in the mortgagee and the right of possession follows as a consequence * * * *; that the legal estate is defeasable at law upon the payment of the mortgage debt at the time stipulated, but if this is not done it becomes indefeasable at law and defeasable only in equity * * * *But at law the title all the while is in the mortgagee.* That decision," continues JUDGE MILLER, "has been acquiesced in and recognized as the law of the State for more than half a century, and we see no good reason for overruling it now." In commenting upon *Cahoon* v. *Miers*, in *Duval* v. *Becker*, 81 Md. 547, CHIEF JUDGE MCSHERRY said: "As between the mortgagor and mortgagee, therefore, the doctrine that the mortgagor is regarded as the *real owner* does not, and in *view of the quality of the estate conveyed* by the mortgage, cannot obtain to the extent of permitting the mortgagor by his own act to exempt from the lien and operation of the mortgage any part of the mortgage property." It will thus be seen that the interest of the mortgagee is treated by Courts of law as real estate only so far as it may be necessary for the protection of the mortgagee and to give him the full benefit of his security. *Hutchins* v. *King*, 1 Wall. 58. But, as was remarked by JUSTICE GRAY in *Savings Society case, supra*, "If the law treats the mortgagee's interest in the land as real estate for his protection, it is not easy to see why the law should forbid it to be treated as real estate for the pur-

pose of taxation." As we have already seen our decisions, for his protection, do so treat it, and our Act gives it a *fixed situs* in Harford County where it was taxed. But in this State the mortgagee at law becomes vested with the legal estate and therefore he may maintain an action of ejectment. *Ahern* v. *White*, 39 Md. 422,–423. If this be so, then, at law the mortgagee has a title to an interest in the land and therefore has property in this State subject to taxation. The tax imposed by the Act of 1896 we are considering does not impose the tax on the non-resident but the money due on the mortgage is taxed. *Tax cases*, 12 G. & J. 117; *Allen* v. *Commissioners Harford County, supra; Bank Tax case*, 2 Wall. 200. Therefore whether the interest of mortgagee be held to be merely a *chose in action* or lien, or an interest and estate in the mortgaged land it would seem to be clear that it is taxable in the State where the land is located. A different view was expressed in the case of the *State Tax, &c.*, 15 Wall. 300, but JUSTICE GRAY says of that case in the *Savings Society case supra*. "The remarks in the opinion    *    *   '*   went beyond what was required for the decision of the case and cannot be reconciled with other decisions" of the Supreme Court of the United States.

III. The only remaining question to be considered is, assuming that the Legislature has the power, did it intend by the Act of 1896, ch. 120, sec. 146A, to levy a tax upon the property of non-resident mortgagees.

Certainly nothing can be found in the language of the Act which would indicate that any exception or exemption was intended. The language is comprehensive and general and includes non-resident as well as resident mortgagees. In the construction of revenue laws it is well settled that every presumption is to be made in favor of the State, and if a freedom from taxation or an exemption is claimed the burden is upon the taxpayer to show clearly that either the one or the other exists. Inasmuch as we have held that it is within the power of the Legislature to tax the interest of non-resident mortgagees, we think it follows both from the general and comprehensive

terms of the statute, as well as from the result that would fol-
low, if we should hold otherwise, that *all* mortgagees are in-
cluded.    For it is apparent that if we hold that only resident
mortgagees and their resident assigns can be taxed under our
present law, the law itself would be rendered nugatory, by the
assignment of all mortgages to non-residents.

*Judgment reversed with costs and new*
*trial ordered.*

(Decided January 23rd, 1901.)