### In re MERRIAM'S ESTATE.

TAXATION—INHERITANCE TAX—PROPERTY SUBJECT—NONRESIDENT OWNER.

A debt secured by mortgage on lands in this State is subject to the succession tax of this State, though owned by a resident of another State, and the note and mortgage were in his possession there.

Error to Wayne; Frazer, J. Submitted January 23, 1907. (Docket No. 87.) Decided March 26, 1907.

Perry F. Powers, auditor general, appealed to the circuit court from an order determining that certain property was not subject to an inheritance tax. There was judgment for the estate, and James B. Bradley, auditor general, brings error. Reversed, and remanded to the circuit court with directions to certify the same to the probate court with directions to impose the tax.

*John E. Bird*, Attorney General, and *Thomas Ambrose Lawler* and *J. Shurly Kennary*, Assistant Attorneys General, for appellant.

*Francis J. Swayze* (*Barbour & Field*, of counsel), for appellee.

HOOKER, J. Henry W. Merriam, a resident of New Jersey, died possessed of a promissory note for $10,000 secured by a mortgage upon real estate in Detroit. Both note and mortgage were in his possession in New Jersey up to the time of his death. It is claimed that upon his death the title to this note and mortgage passed to his heirs by inheritance under and by virtue of the laws of New Jersey. The auditor general asserted a claim on behalf of this State under the inheritance tax law, upon the theory that this transfer was subject to the inheritance

tax law of Michigan. The decision of the circuit court was adverse, and the auditor general appealed.

The learned circuit judge filed an opinion in which he held that the right of the heir to the note and mortgage does not rest on the law of Michigan, but that it was dependent upon the law of New Jersey, and that the succession tax was not designed to apply to a case where the inheritance depended on the law of another State.

*In re Stanton's Estate*, 142 Mich. 491; unqualifiedly holds that an inheritance tax may be levied in this State upon notes and mortgages of, and contracts relating to, land in this State, owned by a resident of another State; but which notes and mortgages have always been kept in Michigan for the purpose of collection and reinvestment, though they might have been temporarily taken to New York. This seems to have been predicated upon the theory that the State where such property has a situs may control the right of succession and practically does so, so that the transfer depends upon its laws. It is a complete answer to the reason given by the circuit judge, if it is sound.

This has the sanction of the Federal Supreme Court. *Blackstone* v. *Miller*, 188 U. S. 203–206, which applies the doctrine to a bank deposit, which it is perhaps unnecessary to say established the relation of debtor and creditor. The case does not seem to turn upon the situs of the evidence of indebtedness. We are not called upon to consider so extreme a case, for in the case before us the situs of the evidence of indebtedness, *i. e.*, the record of the mortgage, and the land was in Michigan, as it was also in the *Stanton Case*.

It is contended that we copied this law from the New York statute, and that we therefore took it with the construction that had theretofore been given it, and that construction was in accord with the claim of the heir. The case, *Matter of Bronson*, 150 N. Y. 1 (34 L. R. A. 238), held that bonds of and certificates of stock in a New York corporation, owned by, and in the possession of, a non-

resident, at his domicile out of the State, at the time of his death, were not subject to taxation, under the transfer tax law, and it was followed in *Matter of Preston*, 75 App. Div. (N. Y.) 250, which involved bonds which were secured by mortgages on lands in New York; said bonds and mortgages being at the domicile of the owner at the time of her death. It is possible that the *Case of Bronson* may conclude us, when such a case arises, but the case now before us differs in two particulars: *First,* there was a credit *secured by mortgage on lands in this State; second,* the evidence of indebtedness had a situs here. The *Preston Case* is not an adjudication of a court of last resort. We think the case is ruled by the *Case of Stanton,* supra. See, also, *Common Council of Detroit* v. *Board of Assessors of Detroit,* 91 Mich. 91 (16 L. R. A. 59).

The order is reversed, and the cause will be remanded to the circuit court, with directions to certify the same to the probate court, with directions to proceed to impose the tax. The appellant will recover a judgment here for costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.