## PHINEAS C. KINNEY, executor, *vs.* TREASURER AND RECEIVER GENERAL.

Middlesex.     November 30, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Tax*, On legacies and successions.     *Inheritance Tax.     Constitutional Law.*

Under St. 1907, c. 563, § 1, as amended by St. 1909, c. 268, and St. 1909, c. 527, § 1, promissory notes owned and possessed by a testator in another State at the time of his death there, which are secured by mortgages on real estate in Massachusetts, are "property within the jurisdiction of the Commonwealth" and therefore are subject to the tax on legacies and successions.

Promissory notes owned and possessed by a testator in another State at the time of his death there, which are secured by mortgages upon real estate in Massachusetts, are in the jurisdiction of this Commonwealth so as to subject them to a succession tax here within the doctrine of the Constitution of the United States that allows States to impose taxes only upon persons or property within their jurisdiction.

Under St. 1907, c. 563, § 1, as amended by St. 1909, c. 268, and St. 1909, c. 527, § 1, a promissory note owned and possessed by a testator in another State at the time of his death there, which is secured by the assignment of a deposit book representing an interest in the funds of a voluntary association held in Massachusetts by trustees "for the purpose of investing in real and personal estate" and "invested principally" in real estate in this Commonwealth, is "property within the jurisdiction of the Commonwealth" and therefore is subject to the tax on legacies and successions.

The question, whether promissory notes owned and possessed by a testator in another State at the time of his death, which are secured by a transfer of property which only can be forced to be applied to the payment of the notes by the aid of the Massachusetts courts, are for that reason within the jurisdiction of this Commonwealth so as to subject them to a succession tax under our laws, here was mentioned as having been raised in argument but was not passed upon.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on July 14, 1910, by the executor of the will of George H. Rugg, late of Claremont in the county of Sullivan in the State of New Hampshire, who died there on July 14, 1909, and whose will was allowed by the Probate Court of the State of New Hampshire for the county of Sullivan on September 25, 1909, praying for instructions as to what parts, if any, of the property of the plaintiff's testator, real and personal, were at the death of the testator within the jurisdiction of this Com-

monwealth, and also as to what tax, if any, the plaintiff was liable to pay to the treasurer of this Commonwealth, under St. 1907, c. 563, § 1, as amended by St. 1909, c. 268, and St. 1909, c. 527, § 1.

In the Probate Court *McIntire,* J., made a decree that certain promissory notes belonging to the testator at the time of his death and secured by mortgages of real estate in this Commonwealth were not within the jurisdiction of this Commonwealth and were not subject to the statutes of Massachusetts relating to the taxation of legacies and successions. The defendant appealed.

The appeal came on to be heard before *Rugg,* J., who, at the request and with the consent of all the parties interested, reserved it for determination by the full court.

*D. Malone,* Attorney General, & *F. T. Field,* Assistant Attorney General, for the defendant.

*F. G. Cook,* for the plaintiff.

KNOWLTON, C. J.   This is a bill in equity brought by the executor of a foreign will for instructions as to whether certain promissory notes secured by mortgages upon real estate in Massachusetts, and one note secured by an assignment of an interest in a real estate trust, all belonging to the testator at the time of his death, are subject to a succession tax under the laws of this Commonwealth. The notes were all in his possession at his domicil in New Hampshire.

The St. 1907, c. 563, § 1, as amended by St. 1909, c. 268, and by St. 1909, c. 527, § 1, under which the defendant claims the tax, includes " All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, whether belonging to inhabitants of the Commonwealth or not," and makes it subject to a tax upon the succession, if it passes by will or the laws regulating intestate succession, with certain exceptions which we need not consider. This language indicates an intention on the part of the Legislature to tax all property that it has the power to tax. The statute is as broad as the jurisdiction of the Commonwealth. The question before us is whether these securities are property within the jurisdiction of the Commonwealth, in reference to taxation upon the succession.

Under the laws of Massachusetts a mortgagee takes not merely

a lien upon the land as security but he holds the legal title to it, subject to a right of redemption in the mortgagor. The interest of the mortgagee is made subject to taxation by our statutes, and the property taxable to the mortgagor is diminished by a deduction of the value of the interest held by the mortgagee. St. 1909, c. 490, Part I. §§ 16, 18, 45. *Sullivan* v. *Boston,* 198 Mass. 119, 124. While, for general purposes, the interest of the mortgagee is treated as personal property, it has a local situs, and carries with it an ownership of the land until it is redeemed by the payment of the debt in performance of the condition. The debt, which is the obligation of the debtor to pay, and the land, which is the security for the payment of the debt, are individual parts of a single valuable property in the mortgagee, which may be made available in different ways. The debt belongs with the mortgage, and it must coexist to give the mortgage validity. For that purpose it has a situs within the jurisdiction of the State where the land lies. It was held in *McCurdy* v. *McCurdy,* 197 Mass. 248, that the tax upon the succession to real estate in this Commonwealth, which belonged to a decedent in another State and was subject to a mortgage, was to be assessed only upon the value of the property above the mortgage. This was upon the ground that what passed upon the death of the mortgagor was only the value of his interest, which was the value of the real estate less the amount of the debt that was a charge upon it. This was equivalent to holding that, upon the death of the mortgagee, his interest in the real estate, to the amount of his debt, would pass in succession to his representatives.

The same doctrine has been held in States where the mortgagee has only a lien upon real estate. It is the law of the Supreme Court of the United States. *Savings & Loan Society* v. *Multnomah County,* 169 U. S. 421. *Bristol* v. *Washington County,* 177 U. S. 133. It is also established by well reasoned opinions of courts in several States. *Allen* v. *National State Bank,* 92 Md. 509. *In re Merriam's estate,* 147 Mich. 630. *In re Rogers estate,* 149 Mich. 305. *Mumford* v. *Sewall,* 11 Ore. 67. The fact that the laws of the State and the jurisdiction of its courts must be invoked for the preservation and enforcement of rights under the mortgage is an important consideration leading to this result. Upon the facts of this case,

we are of opinion that the notes and mortgages are property in the jurisdiction of this Commonwealth, within the meaning of the statute, although they were held by the testator at his domicil in New Hampshire at the time of his death. We are also of opinion that they were in this jurisdiction so as to subject them to a succession tax here, within the doctrine of the Constitution of the United States that allows States to impose taxes only upon persons or property within their jurisdiction.

The note secured by the conveyance of the deposit book in the Cambridge Real Estate Associates* differs from the others only in the nature of the property conveyed as security. This property was a valuable interest in real estate in Cambridge, the legal title to which was held by trustees. The testator held an equitable interest in it as security for the note at the time of his death. This interest passed under the will, for the use of his legatees at the time of his death, just as the mortgaged property did. It passed to the executor for purposes of administration, to be turned into money which was to be paid by the executor to those for whose use it was collected. Although the testator held only an equitable interest in this real estate, instead of a legal interest, we perceive no difference in principle between the passing of this interest in succession and the passing of his interest under a mortgage held in like manner as security for a debt. We are of opinion that all this property is subject to the tax upon succession prescribed by our law.

There is strong ground for the defendant's contention that, because the debts in all of these cases could only be enforced, in the ordinary way, against the debtor by the aid of our courts, we ought to hold that they are property within the jurisdiction of the Commonwealth, and subject to taxation under this statute.

---

* This was "a voluntary association of individuals for the purpose of investing, in real and personal estate, funds contributed by the said individuals, — the legal title to said funds and to the property in which the same may be invested being held by" trustees. "On July 14, 1909, the Cambridge Real Estate Associates . . . was composed of citizens of Cambridge, Massachusetts, only, and the property of said associates was vested as to legal title in two citizens of said Cambridge, as trustees, and was invested principally in real estate situated in said Cambridge. The only investment other than in real estate in Cambridge was in two shares of the Calumet and Hecla Mining Company stock."

See *Blackstone* v. *Miller*, 188 U. S. 189 ; *Matter of Daly*, 100
App. Div. (N. Y.) 373, affirmed in 182 N. Y. 524; *Rothschild*
v. *Knight*, 176 Mass. 48, 54. The question raised by this part
of the argument, except so far as it bears upon the other part of
the case, we do not decide.

*Decree of Probate Court reversed.*