H. D. *McLellan,* (*P. O'Loughlin* with him,) for the plaintiff.

---

ELLA W. HAWKRIDGE & another, executrices, *vs.* TREASURER AND RECEIVER GENERAL & others.

Middlesex.    December 1, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Mortgage,* Of real estate.    *Tax,* On legacies and successions.

A resident of another State, who is the mortgagee under a mortgage of real estate in this Commonwealth, has an interest in the real estate that at his death is subject to a succession tax under St. 1912, c. 678, § 1.

DE COURCY, J.    Edwin Hawkridge, a resident of the State of New Hampshire, died on October 21, 1914, leaving as a part of his estate promissory notes of the value of $50,918.07, secured by mortgages on real estate situated in this Commonwealth. The only question before us * is whether these mortgages are subject to a legacy and succession tax.

---

* The case came up by an appeal from a decree of the Probate Court and was reserved by *Braley,* J., for determination by the full court.

The statute in force at the death of the testator, namely, St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1, provided that "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to inhabitants of the Commonwealth, and all real estate within the Commonwealth, or any interest therein, belonging to persons who are not inhabitants of the Commonwealth, which shall pass by will, or by the laws regulating intestate succession, or by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor, to any person, absolutely or in trust, except . . . shall be subject to a tax. . . ." Accordingly the mortgages in question are subject to the tax if they constitute an interest in real estate within the meaning of this statute, and not otherwise.

Under the laws of this Commonwealth a mortgagee holds the legal title to the land, and not merely a lien upon it for security. As was said by Knowlton, C. J., in *Kinney* v. *Treasurer & Receiver General,* 207 Mass. 368, 370: "While, for general purposes, the interest of the mortgagee is treated as personal property, it has a local *situs,* and carries with it an ownership of the land until it is redeemed by the payment of the debt in performance of the condition. The debt, which is the obligation of the debtor to pay, and the land, which is the security for the payment of the debt, are individual parts of a single valuable property in the mortgagee, which may be made available in different ways." Under our tax laws that interest is subject to taxation as real estate. St. 1909, c. 490, Part I, § 16, provides: "If any person has an interest in real estate, not exempt from taxation under section five, as holder of a duly recorded mortgage given to secure the payment of a fixed and certain sum of money, the amount of his interest as mortgagee shall be assessed as real estate in the place where the land lies: and the mortgagor shall be assessed only for the value of such real estate after deducting the assessed value of the interest therein of such mortgagee." And § 18 enacts that mortgagors and mortgagees "shall for the purpose of taxation be deemed joint owners" until the mortgagee takes possession. To the same effect see St. 1881, c. 304, §§ 1, 3; Pub. Sts. c. 11, §§ 14, 16; R. L.

c. 12, §§ 16, 18. See also *Brooks* v. *West Springfield,* 193 Mass. 190, 193. The fact may be that assessors generally assess the whole estate to the mortgagor when no proper returns are filed under § 45; but they always have the power to tax the mortgagee's interest. *Sullivan* v. *Boston,* 198 Mass. 119.

The legislative policy to treat and tax as real estate the interest of the mortgagee, apparently has been extended to inheritance taxes. This was undoubtedly so before the amendments of 1912.

In *McCurdy* v. *McCurdy,* 197 Mass. 248, where a testator domiciled in another State died seised of real estate in this Commonwealth which was subject to a mortgage, it was held that the tax upon the succession to the real estate was to be assessed only upon the value of the equity of redemption. As was said later in the Kinney case, "This was equivalent to holding that, upon the death of the mortgagee, his interest in the real estate, to the amount of his debt, would pass in succession to his representatives." In the Kinney case it was held that mortgages on real estate in Massachusetts owned by a non-resident testator were subject to the tax on successions. It is true that under the statute then in force all property within the jurisdiction of the Commonwealth was subject to the tax, and it was not strictly necessary to determine whether the non-resident mortgagee held an interest in real or in personal property; but the reasoning on which the decision was based fully sustains the defendant's contention in the case at bar, that the mortgagee's interest is an interest in land, within the meaning of the succession tax law.

The plaintiffs rely largely on R. L. c. 150, § 7, under which a mortgage debt secured by real property is regarded as personal assets in the hands of the executor or administrator. Such has been the law in this Commonwealth for more than a century. St. 1786, c. 5, § 1. St. 1788, c. 51, § 1. Rev. Sts. c. 65, § 11. Gen. Sts. c. 96, § 9. Pub. Sts. c. 133, § 6. Nevertheless, as we have seen, the Legislature, since 1881 at least, also has recognized the mortgagee's interest as an interest in real estate for the purposes of taxation. It has been the established legislative policy to treat real estate mortgages as personal assets in the settlement of estates, and as retaining their character as an interest in real estate for the purpose of taxation. And it is significant of the maintenance of that policy that even since the passage of the statute under

consideration, the Legislature has enacted that certain mortgages of personal property, namely buildings and fixtures, "shall be deemed to be mortgages of real estate for the purposes of taxation." St. 1913, c. 636, § 1. In view of the Massachusetts rule, that the mortgagee has legal title to the land, and the long established legislative policy to treat the interest of the mortgagee as an interest in land for the purposes of taxation, we are of opinion that the Legislature intended to retain its right to impose a tax upon the succession to real estate mortgages held by non-residents, when they enacted that all real estate within the Commonwealth "or any interest therein," belonging to persons who are not inhabitants, shall be subject to a tax. The power to impose such a tax is unquestioned, even where the mortgage does not convey the legal title to the mortgagee. *Savings & Loan Society* v. *Multnomah County*, 169 U. S. 421. *Allen* v. *National State Bank*, 92 Md. 509. *In re Rogers' estate*, 149 Mich. 305. *Mumford* v. *Sewall*, 11 Ore. 67.

The decree of the Probate Court is reversed, and the petitioners are instructed that the promissory notes and the mortgages on real estate securing them at the death of the testator were subject to a tax under St. 1912, c. 678, § 1.

*Decree accordingly.*

*W. H. Hitchcock*, Assistant Attorney General, for the Treasurer and Receiver General.

*H. L. Boutwell*, (*W. H. Hastings* with him,) for the plaintiffs.