CHLORIS McCORMICK VDA. DE McKINLEY, por sí y en representación de su hija menor AXELINA McKINLEY McCORMICK, demandante y apelante, *v.* EL TESORERO DE PUERTO RICO, demandado y apelado.

No. 5676.—*Sometido:* Febrero 9, 1932. *Resuelto:* Marzo 14, 1933.

*Carlos J. Torres,* abogado de la apelante; *Charles E. Winter, Procurador General (James R. Beverley* en el alegato), *M. Rodríguez Serra, Procurador General Auxiliar* y *J. L. Cordovés, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sentencia apelada en este caso fué dictada contra la demandante después de haber declarado la corte inferior que su demanda no aduce hechos determinantes de causas de acción.

Chloris McCormick, como viuda de Wm. Alexander McKinley, por sí y como madre con patria potestad sobre la hija menor de edad nacida de ese matrimonio Axelina McKinley McCormick, presentó demanda en la Corte de Distrito de San Juan contra el Tesorero de Puerto Rico para que le devolviera una parte de la cantidad que había pagado como contribución de herencia de los bienes relictos a su muerte por Wm.

* NOTA: Véase el prefacio.

Alexander McKinley y para ello alegaron que presentaron al Tesorero la manifestación de los bienes que componían esa herencia: que dicho funcionario reconoció ser $178,944.07 el valor de los bienes relictos, y deduciendo de esa cantidad el pasivo hereditario y los gananciales de la viuda fijó en $108,349.54 el valor de la herencia y les impuso como contribución por ella la cantidad de $3,296.31, sin haber deducido los valores de los bienes radicados fuera de esta isla, y fué pagada: que entre los bienes que tuvo en consideración el Tesorero para imponer esa contribución figuraron depósitos de dinero, certificados de bonos y de acciones, cierto número de acciones y unas pólizas de seguro con un valor todo de $117,249.41, depositados en bancos radicados fuera de esta isla por McKinley antes de su muerte: que por los bienes radicados en esta isla corresponde pagar a las demandantes la cantidad de $1,061, por lo que habiendo pagado como contribución de herencia $3,296.31 debe serles devuelta como pagada indebidamente la diferencia de $2,235.31: y que han solicitado del Tesorero que les devuelva esa diferencia, a lo que se ha negado.

La corte inferior declaró con lugar la excepción previa opuesta a la demanda y consiguientemente dictó su sentencia fundándose en que la acción que pueden tener las demandantes no es contra el Tesorero sino contra El Pueblo de Puerto Rico. Existe, sin embargo, en este caso otra cuestión más fundamental, cual es, si el Tesorero estuvo justificado en incluir en los $108,349.54 que le sirvieron de base para imponer la contribución de herencia los $117,249.41 valor de los depósitos existentes fuera de esta isla, pues si procedió correctamente, las demandantes carecerán en absoluto de acción y será innecesario resolver en este caso el motivo en que se fundó la corte inferior.

El artículo 368 del Código Político, modificado y ampliado por la Ley No. 99 de 1925, página 791, impone contribución por herencia a todos los bienes inmuebles y muebles pertenecientes a habitantes de Puerto Rico. Los créditos del fene-

cido por el dinero, los bonos y las acciones que tenía son bienes muebles intangibles y están sujetos a contribución de acuerdo con esa ley, lo mismo que sus pólizas de seguro, que debemos entender son pagaderas a la sucesión por no haberse hecho alegación en contrario.

La cuestión a que nos referimos ha sido objeto de consideración por el más alto tribunal de la nación y por él resuelta. Uno de los casos resueltos es el de *Blackstone* v. *Miller*, 188 U. S. 189, cuya doctrina no consignaremos por haber sido revocada expresamente en el de *Farmers Loan Co.* v. *Minnesota*, 280 U. S. 205, al que nos referiremos después, que hemos seguido en *Gallardo, Tesorero,* v. *United P. R. Sugar Co.,* 42 D.P.R. 646. En el de *Blodgett* v. *Silberman*, 277 U. S. 1, se declaró que el Estado del domicilio de un fallecido puede imponer a su sucesión una contribución por la transferencia por herencia de su propiedad intangible de acuerdo con las leyes de ese Estado aun cuando la evidencia de tal propiedad se encuentre fuera del mismo al tiempo de su muerte y aunque esté sujeta a contribución en otra jurisdicción. También decide que bonos y certificados de deuda de los Estados Unidos pagables al portador o transferibles de mano a mano, aunque tienen algunas de las características de propiedad física, son, sin embargo, propiedad intangible (causas de acción), sujeta a contribución por herencia en el Estado del domicilio, aunque físicamente hayan estado en otro Estado desde que fueron adquiridos. Y en el de *Farmers Loan Co.* v. *Minnesota, supra,* se declaró que la máxima *mobilia sequuntur personam* es aplicable a bonos y certificados de deuda expedidos por un Estado o su municipalidad, como ordinaria causa de acción, y tienen *situs* para contribución de herencia en el domicilio del propietario. En el caso de *Baldwin* v. *Missouri,* 281 U. S. 586, una señora que residía en el Estado de Illinois murió allí dejando como heredero a su hijo y teniendo en el Estado de Missouri propiedad real, créditos por dinero depositado en bancos, cupones expedidos por los Estados Unidos y algunos pagarés de ciudadanos de Missouri, algunos de los cuales es-

taban garantizados con gravámenes sobre tierra en ese Estado. La contribución de herencia fué pagada en Illinois, incluyéndose en ella la propiedad intangible que estaba en Missouri. Este Estado también impuso contribución sobre herencia a los bienes allí existentes. No se hizo reclamación por la contribución en cuanto a la propiedad real pero sí por la impuesta a la personal, por el fundamento de que la propiedad personal no estaba dentro de la jurisdicción del Estado de Missouri para fines del impuesto y que de ser sostenida violaría la cláusula de la Enmienda 14 de la Constitución de los Estados Unidos. La Corte Suprema de los Estados Unidos decidió que ordinariamente los depósitos en bancos son meras acreencias, que para los propósitos de tasación tienen su *situs* en el domicilio del acreedor solamente; y que la misma regla es aplicable a los pagarés aunque estén asegurados con propiedad real o de otra manera; y que los bonos y pagarés aunque físicamente en Missouri eran causa de acción cuyo *situs* es el domicilio del acreedor por lo que no estaban sujetos a contribución de herencia en Missouri.

En vista de las decisiones a que nos hemos referido tenemos que llegar a la conclusión de que la propiedad mueble intangible que el difunto McKinley tenía fuera de esta isla estaba sujeta a contribución por herencia en esta jurisdicción, por lo que el Tesorero no cobró a las apelantes cantidad alguna indebida. *Por este motivo la sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.